UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MICHAEL CHUMAS and MICHELLE CHUMAS,

                Plaintiffs,                                COMPLAINT

   - against -

UNITED STATES OF AMERICA and
ADAM D. JACKLER, O.D.,

                Defendants.
----------------------------------------------------------------X

Plaintiffs, by their attorneys, JONATHAN C. REITER LAW FIRM, PLLC, complaining of the defendants, respectfully allege as follows:

## JURISDICTION

1. Jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1346. The plaintiff further invokes the pendent jurisdiction of this court over claims arising under New York State law.

2. Prior to the filing of this action, the plaintiff timely made and presented to the United States Department of the Army on August 5, 2019, a Claim for Damage, Injury or Death, as required under the Federal Tort Claims Act of the United States of America. The defendants have failed, neglected and refused to pay, settle, compromise or adjust the claim of the plaintiff. The plaintiffs have duly complied with all of the conditions precedent to the commencement of this action.

## VENUE

3. Venue is founded upon 28 U.S.C. §1391(b).

1

## PARTIES

4. Plaintiffs MICHAEL CHUMAS and MICHELLE CHUMAS are citizens of the State of New York, residing at 11 McCall Place, Newburgh, New York 12550.

5. At all times relevant hereto and upon information and belief, defendant, UNITED STATES OF AMERICA, Department of the Army, owned, operated maintained and controlled Keller Army Community Hospital located at 900 Washington Road, West Point, New York 10996. (hereinafter "KELLER")

6. At all times relevant hereto and upon information and belief, defendant, UNITED STATES OF AMERICA, Department of the Army, owned, operated maintained and controlled Mologne Cadet Health Clinic located at 2 Thayer Road, West Point, New York 10996. (hereinafter "MOLOGNE")

## AS AND FOR A FIRST CAUSE OF ACTION

7. Plaintiffs repeat and reiterate all of the previous allegations of the complaint with the same force and effect as if fully set forth again at length.

8. At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, UNITED STATES OF AMERICA, by and through its agents, servants and employees had undertaken to supply physicians, nurses, physician's assistants, emergency medical technicians optometrists, ophthalmologists and other health care professionals and staff to render health care to its patients at KELLER, including but not limited to patients in the Emergency Department of KELLER and in the clinic at MOLOGNE.

9. At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, UNITED STATES OF AMERICA acting by and through its agents, servants and employees at KELLER and MOLOGNE held itself out as a health care provider qualified and

capable of rendering and medical diagnosis, treatment, advice, care and services in accordance with applicable standards of care.

10. On August 21, 2017 at or about 08:15, plaintiff MICHAEL CHUMAS was a civilian employed at Camp Buckner Waste Water Treatment Plant, engaged in the course of his employment when he was sprayed in the eyes with a caustic chemical substance.

11. The plaintiff, MICHAEL CHUMAS was driven to KELLER seeking emergency treatment, but upon arrival at the Emergency Department he was denied admittance and instructed to wait in the parking lot where he did not receive appropriate treatment for the chemical exposure to his eyes.

12. The plaintiff, MICHAEL CHUMAS was thereafter transported by ambulance to MOLOGNE where he was examined and some treatment was rendered by ADAM D. JACKLER, O.D., an optometrist.

13. The plaintiff, MICHAEL CHUMAS was thereafter transported to the KELLER Emergency Department where he came under the care of NEOMIE H. FRIEDMAN, M.D. and DEEPAK PARIKH, M.D.

14. That the plaintiff, MICHAEL CHUMAS was discharged home at approximately 18:50 on August 21, 2017 with instructions to follow up at the optometry clinic at MOLOGNE the following morning.

15. The plaintiff, MICHAEL CHUMAS presented to the optometry clinic at MOLOGNE on August 22, 2017 at approximately 08:59 at which time ADAM D. JACKLER, O.D., rendered certain treatment for the chemical exposure to plaintiff's eyes. The plaintiff was discharged and instructed to follow up at the clinic the following day.

16. On or about August 23, 2017, at approximately 07:00 the plaintiff, MICHAEL CHUMAS presented to the optometry clinic at KELLER at which time he was examined and treated by ADAM D. JACKLER, O.D. At that time Dr. JACKLER determined that a referral to an ophthalmologist was indicated. Dr. JACKLER documented that the ophthalmologist at KELLER, Dr. Huchun, was on leave that week, and therefore recommended that the plaintiff obtain treatment from Dr. Mary Davidian at Highland Ophthalmology Associates.

17. Plaintiff thereafter sought and obtained treatment from Dr. Mary Davidian at Highland Ophthalmology Associates and other physicians and hospitals.

18. The medical diagnosis, treatment, advice, care and services rendered to the plaintiff, by the defendant, UNITED STATES OF AMERICA, at KELLER and MOLOGNE, by their agents, servants and employees, was done negligently and departed from applicable standards of care, proximately resulting in severe and permanent personal injuries.

19. The defendant, UNITED STATES OF AMERICA, its agents, servants and employees, were negligent and committed malpractice, in failing to render proper emergency care to the plaintiff; in failing to immediately admit the plaintiff to the Emergency Department; in failing to promptly obtain and supply a physician and specialist in ophthalmology to treat the plaintiff in the Emergency Department; in failing to admit the patient to the hospital for treatment by an ophthalmologist; alternatively in failing to immediately transfer the patient to a hospital that had an ophthalmologist available to treat the patient; in negligently transferring the patient to a clinic for treatment by an optometrist; in supplying medical care for plaintiff's eyes by an optometrist who was unqualified to adequately diagnose and treat the patient;  in negligently delaying in referring the patient for treatment by a qualified ophthalmologist;  in failing to timely diagnose and treat and remove corrosive chemical particles from plaintiff's eyes, in failing to timely and

adequately remove corrosive chemical particles from plaintiff's eyes, in failing to timely and adequately flush the eyes, in failing to timely perform and/or refer plaintiff for eye treatment and surgery by a qualified ophthalmologist; in failing to timely obtain ophthalmological consultation, in negligently discharging the plaintiff from the emergency department, in failing to admit the plaintiff to the hospital and/or immediately transfer him to a hospital that was equipped to render necessary treatment and surgery; in causing and permitting the plaintiff's condition to progress and become worse; in depriving the plaintiff of a substantial probability of cure and/or a better outcome; in being liable under *respondeat superior* for the negligent acts and omissions of its agents, servants and employees including but not limited to ADAM JACKLER, O.D., NEOMIE H. FRIEDMAN, M.D. and DEEPAK PARIKH, M.D., and others; in failing to exercise proper supervision; in failing to supply competent physicians, nurses, physician's assistants, emergency medical technicians and others, and in otherwise being negligent and committing malpractice.

20. That in rendering medical diagnosis, treatment and care to the plaintiff, ADAM JACKLER, O.D., was acting and as an agent, servant and/or employee of the defendant UNITED STATES OF AMERICA, acting within the course and scope of his employment and/or agency, express, implied and/or apparent.

21. That in rendering medical diagnosis, treatment and care to the plaintiff, NEOMIE H. FRIEDMAN, M.D. was acting and as an agent, servant and/or employee of the defendant UNITED STATES OF AMERICA, acting within the course and scope of his employment and/or agency, express, implied and/or apparent.

22. That in rendering medical diagnosis, treatment and care to the plaintiff, DEEPAK PARIKH, M.D. was acting and as an agent, servant and/or employee of the defendant UNITED

STATES OF AMERICA, acting within the course and scope of his employment and/or agency, express, implied and/or apparent.

23. That defendant's negligence and malpractice proximately caused the plaintiff to sustain severe and permanent personal injuries, pain, suffering, mental anguish, loss of enjoyment of life, aggravation, and caused him to necessarily seek additional medical treatment, care and services, and to incur expenses for medical care, drugs and other such items, and to incur pecuniary and economic losses.

24. That by reason of the foregoing, plaintiff, MICHAEL CHUMAS demands damages in the sum of TWENTY-FIVE MILLION ($25,000,000.00) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ADAM D. JACKLER, D.O. UNDER THE LAWS OF THE STATE OF NEW YORK

25. Plaintiffs repeat and reiterate all of the previous allegations of the complaint with the same force and effect as if fully set forth again at length.

26. Alternatively, that in rendering medical diagnosis, treatment and care to the plaintiff, ADAM JACKLER, O.D., was acting on his own behalf and as an independent contractor under an agreement, contract or arrangement, with the defendant UNITED STATES OF AMERICA, and/or KELLER, and/or MOLOGNE and/or some other agency, department, bureau of the UNITED STATES OF AMERICA.

27. The medical and optometric diagnosis, treatment, advice, care and services rendered to the plaintiff MICHAEL CHUMAS, by the defendant, ADAM D. JACKLER, O.D., his agents, servants and employees, was done negligently and departed from applicable standards of care, proximately resulting in severe and permanent personal injuries.

28. The defendant, ADAM D. JACKLER, O.D., his agents, servants and employees, were negligent and committed malpractice, in failing to render proper emergency eye care to the

6

plaintiff; in failing to immediately refer the patient to an ophthalmologist for diagnosis, treatment and surgery; in undertaking to diagnose and treat the patient when he was unqualified to do so; in failing to recommend that the patient be admitted to the hospital for treatment by an ophthalmologist; alternatively in failing to immediately transfer the patient to a hospital that had an ophthalmologist available to treat the patient; in failing to timely diagnose and treat and remove corrosive chemical particles from plaintiff's eyes, in failing to timely and adequately remove corrosive chemical particles from plaintiff's eyes, in failing to timely and adequately flush the eyes, in causing and permitting the plaintiff's condition to progress and become worse; in depriving the plaintiff of a substantial probability of cure and/or a better outcome; and in otherwise being negligent and committing malpractice.

29. That defendant's negligence and malpractice proximately caused the plaintiff to sustain severe and permanent personal injuries, pain, suffering, mental anguish, loss of enjoyment of life, aggravation, and caused him to necessarily seek additional medical treatment, care and services, and to incur expenses for medical care, drugs and other such items, and to incur pecuniary and economic losses.

30. That by reason of the foregoing, plaintiff, MICHAEL CHUMAS demands damages in the sum of TWENTY-FIVE MILLION ($25,000,000.00) DOLLARS

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF MICHELLE CHUMAS FOR LOSS OF SERVICES

31. Plaintiffs repeat and reiterate all of the previous allegations of the complaint with the same force and effect as if fully set forth again at length.

32. At all times hereinafter mentioned and at the time of the occurrences herein, the plaintiff MICHELLE CHUMAS was the lawful spouse of the plaintiff MICHAEL CHUMAS, and the two of them co-habited together as husband and wife.

33. That by reason of the negligence and malpractice of the defendants and each of them, the plaintiff MICHELLE CHUMAS was proximately caused to sustain loss of her husband's services, society and consortium.

34. By reason of the foregoing, plaintiff, MICHELLE CHUMAS demands damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## DEMAND FOR JURY TRIAL

35. Plaintiff demands trial by jury of all issues triable by a jury.

**WHEREFORE**, plaintiff MICHAEL CHUMAS demands judgment against UNITED STATES OF AMERICA on the first cause of action in the sum of $25 MILLION ($25,000,000.00) DOLLARS, and demands judgment against ADAM D. JACKLER, D.O., on the second cause of action in the sum of $25 MILLION ($25,000,000.00) DOLLARS, and plaintiff MICHELLE CHUMAS demands judgment against defendants UNITED STATES OF AMERICA and ADAM D. JACKLER, D.O., and each of them on the third cause of action in the sum of One Million ($1,000,000.00) DOLLARS, together with interest, costs and disbursements.

Respectfully submitted,

JONATHAN C. REITER LAW FIRM, PLLC

By:   s/Jonathan C. Reiter
JONATHAN C. REITER

By:   /s/Meryl I. Schwartz
Meryl I. Schwartz

350 Fifth Avenue, Suite 6400
New York, New York 10118
Tel:  212-736-0979
Fax:  212-268-5297
E-Mail:        jcreiter@jcreiterlaw.com
               mschwartz@jcreiterlaw.com
COUNSEL FOR PLAINTIFFS